

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZACHARY KALMBACH**<br>*Senior Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |

June 9, 2025

**By ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Zlatkis v. Raptis, et al.,
               22-CV-7402 (BMC)

Your Honor:

      I am one of the attorneys assigned to represent defendants Raptis and Colon in the above-referenced matter. Defendants respectfully write regarding several trial-related issues.

      By way of background, the Court held a pretrial conference in this matter on May 2, 2025. (See Docket Entry Dated May 2, 2025). During the conference, the Court, *inter alia*, scheduled this matter as a back-up trial for June 16, 2025, ruled on some of defendants' motions *in limine*, and left some issues open. With respect to scheduling, defendants believe this case is scheduled to back up the matter Full Circle United, LLC v. NBat Tek Entertainment, Inc., 20-CV-3395 (BMC). Because the parties in that case just rejected Magistrate Judge Henry's settlement recommendation, defendants respectfully request clarification as to whether the Court intends to keep this case on its trial calendar for June 16, 2025. (See id. at Docket Entry Dated June 9, 2025).

      With respect to trial issues left open at the May 2, 2025 conference, the Court: (1) reserved decision as to whether to bifurcate damages (which, in turn, affects whether and to what extent certain exhibits will be admitted); (2) directed the parties to confer regarding stipulations to avoid foundational questions for every exhibit; (3) directed the parties to confer regarding limiting instructions as to dismissed claims; (4) directed the parties to confer regarding plaintiff's proposed Exhibit 15; and (5) reserved decision as to whether to admit a photograph that was referenced by another Court in a suppression order in a case involving defendant Colon.

      As an initial matter, defendants respectfully request clarification as to whether the Court intends to bifurcate damages. Defendants address the other issues as follows:

### A. Exhibit Stipulations

The parties have conferred regarding stipulations as to the admission of plaintiff's exhibits to which there are no substantive objections[1] and have agreed to the pre-admission of the photographs of the firearms recovered from plaintiff's apartment, which are identified as plaintiff's Exhibit 2. With respect to the other exhibits to which there are no substantive objections—namely, plaintiff's Exhibits 1, 3, 4, 5, 8, and 11—defendants will agree to the pre-admission of such exhibits provided that each such exhibit is used with a witness (not necessarily by way of foundational questions)—to avoid exhibits being presented to the jury for the first time in summation without any relevant testimony which carries significant risks under Rule 403. Defendants respectfully submit that any such exhibit (or sub-exhibit) that is not used with a witness should be struck from evidence prior to closing arguments. Defendants respectfully submit that this method makes more sense than having the Court read formal stipulations for each such exhibit because: (1) stipulations would be inefficient and duplicative given that the exhibits are all likely to be discussed by witnesses already on the parties' witness lists anyway; and (2) stipulations raise several Rule 403 concerns (including unfair prejudice and jury confusion) as, for example, the jury will wonder why information regarding some exhibits and not others is coming from the Court, which risks the jury placing undue weight on such exhibits.

### B. Instructions Regarding Dismissed Claims

Defendants respectfully request that the Court give the following instructions to avoid unfair prejudice and jury confusion:

1. I am instructing you that the execution of the search warrant inside plaintiff's residence was lawful.

2. I am instructing you that plaintiff's arrest and prosecution were lawful.

3. You have heard evidence that the criminal charges against plaintiff arising from this incident were dismissed. That fact is not relevant to any claim in this action and you may not make any inference for or against either party based on it.

Plaintiff's position is as follows: Plaintiff objects to the introduction of evidence related to the legality of the search of Plaintiff's apartment and Plaintiff's arrest since such evidence is irrelevant to Plaintiff's claim or the Defendant's defenses. However, in the event the Court would like to address Plaintiff's dismissed claims with the jury, we propose the following instructions:

1. You have heard evidence related to a search warrant for Plaintiff's residence and the subsequent search of Plaintiff's residence pursuant to that warrant. That evidence was admitted to provide context to the Plaintiff's allegations and should be considered only for that purpose. The legality of the search of Plaintiff's residence is irrelevant to the issues in this case, which concern only whether the Defendants fabricated evidence against the Plaintiff, and you may not make any inference for or against either party based upon this evidence.

---

[1] Plaintiff does not object to any of defendants' exhibits.

2. You have heard evidence related to Plaintiff's arrest in this case. That evidence was admitted to provide context to the Plaintiff's allegations and should be considered only for that purpose. The legality of Plaintiff's arrest is irrelevant to the issues in this case, which concern only whether the Defendants fabricated evidence against the Plaintiff, and you may not make any inference for or against either party based upon this evidence.

### C. Plaintiff's Exhibit 15

The parties have conferred regarding plaintiff's Exhibit 15 (filed at ECF No. 57-7), which consists of plaintiff's purported retainer agreements with Mr. Murray and Mr. Fantone. Defendants maintain their objections to both retainer agreements. First, neither agreement is signed by plaintiff, so there is no indication that they were even effective or that plaintiff incurred the costs. In any event, neither agreement is relevant to plaintiff's claim for damages. Mr. Murray's agreement specifically states that the retainer fee "will cover all required work for the remaining misdemeanor charges." (Id. at 1). There is no dispute that plaintiff's arrest and prosecution for the misdemeanor charges were lawful. And nothing on the face of Mr. Murray's retainer agreement indicates, nor has plaintiff listed any witness who could testify, that his fee would have been less if not for the felonies. Furthermore, Mr. Fantone's agreement is dated March 23, 2022, long after the felony charges at issue were dismissed. Accordingly, neither retainer agreement has any probative value at all. But even if they did, they should still be precluded pursuant to Rule 403. That is, any probative value is substantially outweighed by the dangers of unfair prejudice and jury confusion, as the agreements will invite the jury to speculate—with no factual basis—as to what portion of the fees should be attributed solely to the felony charges. Therefore, Exhibit 15 should be precluded.

### D. Collateral Suppression Order and Plaintiff's Exhibit 23

Defendants also write to respectfully clarify that they object to any questioning regarding the collateral suppression order at all, not just to the photograph referenced therein. While the photograph should be precluded as it plainly constitutes extrinsic evidence within the meaning of Rule 608, plaintiff should be precluded from questioning defendant Colon about the order at all because it specifically states that "Colon did not intentionally attempt to mislead the state court judge in obtaining the search warrant." United States of America v. Luis Cerda, et al., 21-CR-451 (GRB) (ECF No. 215 at 8). Rather, as a result of a lengthy and complex analysis, the suppression order found that defendant Colon was reckless with respect to the truth of a certain statement. See id., passim. As such, allowing questioning on this topic risks creating a trial within a trial and confusing and misleading the jury with a complicated evidentiary finding in an unrelated case.

Furthermore, because the suppression order addressed a statement regarding whether a certain item was a firearm—almost the same issue to be resolved at trial here—allowing questioning as to the details of the suppression order severely risks the jury improperly considering the suppression order as propensity evidence within the meaning of Rule 404(b). The considerations on this issue parallel those at play when courts consider whether to admit evidence of felony convictions pursuant to Rule 609. In such instances, the similarity between the past

offense and the conduct at issue at trial weighs heavily against admitting evidence of a conviction. See Nibbs v. Goulart, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011) ("The Second Circuit has cautioned that there the prior conviction is for the same offense as that at issue, [t]he potential for prejudice . . . is greatly enhanced.") (quotations omitted).  At most, plaintiff should be permitted to ask defendant Colon whether a judge found that he was reckless with respect to the truth of a statement in an unrelated case, as courts have found that the risk of prejudice can be dampened by limiting questioning to the fact and date of the offense, and prohibiting questioning regarding the "nature" of the offense.  See United States v. Jackson, No. 19-CR-356 (ARR), 2020 U.S. Dist. LEXIS 226165, at *8 (E.D.N.Y. Dec. 2, 2020) (quotations omitted).

Accordingly, the Court should preclude any questioning regarding the collateral suppression order or, in the alternative, limit questioning on the topic to whether a judge found that defendant Colon was reckless with respect to the truth of a statement in an unrelated case.

To the extent the Court thinks it best to schedule a conference to discuss these issues, the parties can be available for a conference at the Court's convenience.  Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Senior Counsel*

cc:   **Via ECF**
      All counsel of record